WATKINS, Judge.
Leonard Buggage was convicted of the crime of possession of pentazocine, with intent to distribute, a violation of LSA-R.S. 40:967 A. He appeals.
No assignments of error were filed in the record before the trial court pursuant to LSA-C.Cr.P. art. 844. However, counsel for defendant adverts to two possible errors in brief before the Court: (1) the alleged break in the chain of possession in the laboratory analysis of the substance found in Buggage’s possession, and (2) the failure of the evidence to support a conviction.
LSA-C.Cr.P. art. 920 reads as follows:
“The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
In the present case, neither of the alleged errors would be discoverable without an inspection of the evidence.[1] Neither alleged error is contained in an assignment of error made available to the trial court. LSA-C.Cr.P. art. 844. Hence, we are not at liberty, by statute, to consider either possible error argued by defense counsel.
Conviction and sentence are affirmed.
AFFIRMED.

. In State v. Raymo, 419 So.2d 858 (La.1982) at p. 861, the Supreme Court stated “regardless of how the error is brought to the attention of the reviewing court”, the question of sufficiency of evidence, or the lack of, to convict a defendant can be reviewed on appeal ex proprio motu, “without considering the defendant’s assignments of error”. Therefore, we have reviewed the testimony taken at trial and the evidence presented and find that there is sufficient evidence in the record to find defendant guilty under the standards set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and LSA-R.S. 15:438.